UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL LIFE NETWORK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LGH INVESTMENTS, LLC, et al., <br><br> Defendant. | Case No.: 21-cv-767-L-MDD <br><br> **ORDER ON MOTION TO DISMISS (ECF NO. 42)** |

Pending before the Court is Defendants Lucas Hoppel and LGH Investments, LLC's ("LGH Defendants") motion to dismiss. (ECF 42). Plaintiff opposed, and LGH Defendants replied. Defendant J.H. Darbie & Co. joined in the motion. (ECFs 43 and 46). The Court decides the matter on the papers submitted and without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

**BACKGROUND**

Plaintiff is a technology company that licenses software. (Amended Complaint at ¶ 12). Its shares are publicly traded on the over-the-counter (OTC) markets. (*Id*. at ¶¶ 14-15). In April 2019, Plaintiff needed money to continue its

business operations and marketing. (*Id*. at ¶ 26). Plaintiff hired Defendant J.H. Darbie & Co. to connect them with potential lenders. (*Id*. at ¶ 27). Darbie arranged a financing transaction between Plaintiff and Defendant LGH. (*Id*. at ¶ 28).

Under the agreement, LGH lent $100,000 to Plaintiff in exchange for (1) a note for $110,000 plus 7% interest, (2) 150,000 shares of Plaintiff's common stock, and (3) a warrant for 412,500 shares of Plaintiff's stock. (*Id*. at ¶¶ 59-60). At the time of the transaction, Plaintiff's stock was trading at $0.145 per share. (*Id*. at ¶ 61).

In this action, Plaintiff argues the April 2019 transaction is void because LGH was not registered with the U.S. Securities and Exchange Commission as a dealer. Plaintiff also argues LGH violated California law based on the amount LGH received in exchange for the loan.

Plaintiff asserts several federal and state law claims against Defendants. (Amended Complaint). LGH Defendants move to dismiss all claims, without leave to amend. The Court will address each claim.

**LEGAL STANDARD**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

## DISCUSSION

### *Securities Exchange Act*

Plaintiff asserts a claim under Securities Exchange Act sections 15(a) and 29(b). (ECF No. 44, Plaintiff's Opposition at p. 3).

Section 15(a) of the Exchange Act makes it "unlawful for any broker or dealer . . . to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security . . . unless such broker or dealer is registered in accordance with subsection (b) of this section." 15 U.S.C. § 78o(a)(1).

Section 29(b) renders voidable any contract made in violation of any provision of the Exchange Act. 15 U.S.C. § 78cc; *see Western Fed. Corp. v. Erickson*, 739 F.2d 1439, 1443 n.5 (9th Cir. 1984).

Plaintiff's claim relates to a contract that it executed with LGH in April 2019. LGH Defendants argue the claim is time barred.[1]

Section 29(b) does not set forth the limitations period for the implied cause of action under it. The Court must therefore apply the limitations period from the most analogous federal statute:

> Where . . . the claim asserted is one implied under a statute that also contains an express cause of action with its own time limitation, a court should look first to the statute of origin to ascertain the proper limitations period. We can imagine no clearer indication of how Congress would have balanced the policy considerations implicit in any limitations provision than the balance struck by the same Congress in limiting similar and related protections . . . When the statute of origin contains comparable express remedial provisions, the inquiry usually should be at an end. Only where no analogous counterpart is available should a court then proceed to apply state-borrowing principles.

*Lampf v. Gilbertson*, 501 U.S. 350, 359 (1991).[2]

---

[1] "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).
[2] Plaintiff argues borrowing a limitations period from another section would be "absurd" and

It is appropriate to use the 1-year after discovery and 3-year after violation, statute of limitations set forth in the Exchange Act. *See id*. at 359-360 ("with only one more restrictive exception, each of these includes some variation of a 1-year period after discovery combined with a 3-year period of repose. In adopting the 1934 Act, the 73d Congress also amended the limitations provision of the 1933 Act, adopting the 1-and-3-year structure for each cause of action contained therein.")

The claim accrued when Plaintiff discovered, or through due diligence should have discovered, the facts constituting the violation. *Merck & Co. v. Reynolds*, 559 U.S. 633, 646 (2010).

The alleged violation is that LGH did not register as a dealer with the U.S. Securities and Exchange Commission prior to executing the contract with Plaintiff. Even if LGH had to register as a dealer (which LGH disputes in the papers), the lack of registration would have been apparent from the Financial Industry Regulatory Authority's online database (where dealer registrations are searchable).

---

contrary to Congress' intent. (Opposition at p. 11). Plaintiff does not cite any precedent to support its argument that the Court should not apply any limitations period. *Id*. That argument is contrary to the Supreme Court's decision in *Lampf*. And it is common for courts to borrow statute of limitations when a federal law does not contain its own. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) (statute of limitations period for claims under 42 U.S.C. section 1983); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 462 (1975) ("since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law."); *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704 (1966); *McClaine v. Rankin*, 197 U.S. 154, 158 (1905) ("it is conceded that, in the absence of any provision of the act of Congress creating the liability, fixing a limitation of time for commencing actions to enforce it, the statute of limitations of the particular State is applicable."); *Cope v. Anderson*, 331 U.S. 461, 463 (1947) ("there is no federal statute of limitations fixing the period within which suits must be brought to enforce the statutory double liability of shareholders of insolvent national banks. For this reason we look to [state] law to determine the period in which these suits may be brought.")

That is, Plaintiff could have discovered the alleged violation with minimal due diligence, when it executed the contract.

The parties executed the contract at issue in April 2019. Plaintiff, however, did not file this action until April 2021.

Plaintiff argues the "continuing violations" doctrine extended the accrual of their claim. (Opposition at 10). "The continuing violations doctrine functions as an exception to the discovery rule of accrual allowing a plaintiff to seek relief for events outside of the limitations period." *Bird v. State*, 935 F.3d 738, 746 (9th Cir. 2019) (internal quotation marks omitted and citation omitted). "When a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Id.* (internal quotation marks and citation omitted).

There is only one claim, to rescind the April 2019 contract. There is no claim arising within the limitations period. (*See* Opposition at 10) ("the continuing violation doctrine extends the accrual of a claim where a chain of unlawful acts connects an earlier claim to a claim arising within the limitations period.") (quoting *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981).

Plaintiff failed to cite any precedent to support the application of the doctrine to contract rescission claims brought under section 29(b). Regardless, the claim is centered on the recession of the April 2019 contract. That claim tracks section 29(b), which only relates to voiding contracts, not transactions. For these reasons, Plaintiff cannot rely on later events (contract performance) to support the application of the continuing violations doctrine. Overall, based on the factual allegations, Plaintiff's federal securities claims against LGH are time barred. The same applies to Plaintiff's state securities claim. *See* Cal. Corp. Code §25506 (statute of limitations is two years from discovery).[3] And Plaintiff's allegations

---

[3] The parties executed the contract on April 11, 2019, and Plaintiff initiated this action on April 19, 2021. (Complaint at ¶ 1). *See, e.g., Rodriguez v. Sony Computer Entm't Am., LLC*, 801 F.3d 1045, 1054 (9th Cir. 2015).

against Hoppel as to LGH's failure to register are conclusory and inadequate. (Amended Complaint at ¶¶ 23-24, 30, 105-109); *Iqbal*, 556 U.S. at 677-78.[4,5] The Court therefore dismisses those claims.

### *Usury (Cal. Const. XV § 1 and Cal. Civ. Code § 1916-2)*

Plaintiff asserts LGH violated California's usury statute. Under California Corporations Code section 25118(b), "any one or more evidences of indebtedness . . . shall be exempt from the usury provisions . . . [if] the evidences of indebtedness aggregate at the time of issuance at least three hundred thousand dollars ($300,000) in original face amount." That exemption applies if "the lender and the issuer, or the lender and the guarantor, by reason of their own business and financial experience or that of their professional advisers, could reasonably be assumed to have the capacity to protect their own interests in connection with the transaction." Cal. Corp. Code § 25118(f).

Plaintiff's SEC filings show an aggregate indebtedness above the amount required under the exemption. (*See* Exhibit 19, 10-Q dated August 16, 2021).[6] Plaintiff is a technology company that licenses software. (Amended Complaint at ¶ 12). Its shares are publicly traded on the over-the-counter (OTC) markets. (*Id*. at ¶¶ 14-25). Based on the above, Plaintiff failed to plausibly allege a violation of California's usury statute.[7] For this reason, the Court dismisses the claim.

---

[4] *Johnson v. Aljian*, 490 F.3d 778, 785 (9th Cir. 2007) ("to maintain a claim under Section 20A, a plaintiff need not plead an actionable predicate violation.")
[5] In the Opposition, Plaintiff asserts Hoppel refused to register LGH as a dealer. (Opposition at p. 12). Plaintiff does not cite any paragraphs from the Amended Complaint to support that assertion.
[6] It is appropriate to take judicial notice of public securities filings, especially those prepared and submitted by Plaintiff. Fed. R. Civ. P. 201; *See Dreiling v. American Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings proper matter for judicial notice by court); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).
[7] Plaintiff did not dispute LGH's argument as to its ability to protect its own interests. (*See* Opposition at p. 15-18).

Case 3:21-cv-00767-L-MDD   Document 57   Filed 07/13/22   PageID.1255   Page 7 of 8

### *Unconscionability (Cal. Civ. Code § 1670.5)*

Plaintiff asserts the contract was unconscionable under California law. However, unconscionability is normally a defense to the enforcement of a contract, not an affirmative claim. *See Dean Witter Reynolds v. Superior Court*, 211 Cal. App. 3d 758, 766 (1989). The Court therefore dismisses the claim.[8]

### *Unjust Enrichment*

Plaintiff failed to cite authority to support its standalone cause of action for unjust enrichment. *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("unjust enrichment is not a cause of action."); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). And although courts may infer unjust enrichment claims as quasi-contract claims, the allegations in this action make clear the dispute relates to an express contract (which is not allegedly void). *Mosier v. Stonefield Josephson, Inc.*, 815 F.3d 1161, 1172 (9th Cir. 2016) ("as a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights.") (internal quotation marks and citation omitted). The Court therefore dismisses that claim.

### *Constructive Trust*

Plaintiff's last cause of action is constructive trust. That is not an independent cause of action. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000) ("a constructive trust . . . is not an independent cause of action but merely a type of remedy for some categories of underlying wrong.") The Court therefore dismisses the claim.[9]

---

[8] Regardless, Plaintiff's factual allegations as to unconscionability are insufficient. *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1099 (2002) ("procedural unconscionability addresses the manner in which agreement to the disputed term was sought or obtained."); *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) ("under California law, unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results.") (internal quotation marks and citation omitted).

[9] Based on the above, any claim asserted against Darbie also fails.

*Leave to Amend*

Plaintiff may cure the above deficiencies. Therefore, the Court **GRANTS** them **LEAVE TO AMEND**. Fed. R. Civ. P. 15; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** the motion to dismiss (ECF 42), with **LEAVE TO AMEND**. Plaintiff has until **July 27, 2022**, to file an amended complaint (if any).

**IT IS SO ORDERED**.

Dated: July 13, 2022

_____
Hon. M. James Lorenz
United States District Judge