1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12 | SOCIAL LIFE NETWORK, INC.,

13 | Plaintiff,

14 | v.

15 | LGH INVESTMENTS, LLC, LUCAS
HOPPEL, and J.H. DARBIE & CO.,

16

17 | Defendants.

18

Case No.: 21-cv-0767-L-MDD

**ORDER DENYING WITH LEAVE
TO RENEW DEFENDANTS'
MOTION FOR ATTORNEY'S FEES
AND COSTS AND DENYING AS
MOOT PALINTIFF'S MOTION FOR
LEAVE TO FILE A SUR-REPLY**

**[ECF Nos. 59, 65]**

19  Pending before the Court is LGH Investments, LLC, and Lucas Hoppel's

20 ("Defendants") motion for attorney's fees and costs, (ECF No. 59), and Social Life

21 Network, Inc.'s ("Plaintiff") motion for leave to file a sur-reply in connection with

22 Defendants' motion, (ECF No. 65).  The Court decides the matter on the papers

23 submitted and without oral argument.  *See* Civ. L. R. 7.1(d.1).  For the reasons stated

24 below, the Court denies the motion for attorney's fees with leave to renew the motion and

25 denies as moot the motion for leave to file a sur-reply.

26 I.    <u>BACKGROUND</u>

27  On July 13, 2022, the Court granted Defendants' motion to dismiss with leave to

28 amend.  (ECF No. 57.)  Because Plaintiff failed to file an amended complaint the action

1

21-cv-0767-L-MDD

1  was dismissed on July 28, 2022.  (ECF No. 58.)  On August 11, 2022, Defendants filed

2  the present motion for attorney's fees and costs.  (ECF No. 59.)  Four days later, Plaintiff

3  appealed the denial.  (ECF No. 60.)  Plaintiff also opposed the motion for attorney's fees

4  and costs, (ECF No. 63), and Defendants replied, (ECF No. 64).  Plaintiff subsequently

5  filed a motion for leave to file a sur-reply in support of its opposition, (ECF No. 65), and

6  Defendants responded, (ECF No. 66).

7  Defendants seek $255,682 in attorney's fees and $53,770.37 in costs pursuant to

8  Federal Rule of Civil Procedure 54(d) and the parties' agreement for the award of

9  attorney's fees and costs to the "prevailing party."  (ECF No. 59-1, at 9.)  Plaintiff urges

10  the Court to exercise its discretion and defer its ruling on the motion for attorney's fees

11  and costs until after the Ninth Circuit resolves Plaintiff's appeal.[1]  (ECF No. 63, at 9.)

12  **II.    LEGAL STANDARD**

13  "If an appeal on the merits of [a] case is taken, the court may rule on [a] claim for

14  fees, may defer its ruling on the motion, or may deny the motion without prejudice."

15  Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment.  Prompt consideration

16  of fee disputes can be beneficial since the services performed by counsel are "freshly in

17  mind."  *See id.*  However, "[p]articularly if the claim for fees involves substantial issues

18  or is likely to be affected by the appellate decision, the district court may prefer to defer

19  consideration of the claim for fees until after the appeal is resolved."  Fed. R. Civ. P. 58

20  advisory committee's note to 1993 amendment.  "District courts have widely exercised

21  their discretion to defer ruling on a motion for attorneys' fees or to deny the motion

22  without prejudice pending an appeal on the merits."  *Freeman Inv. Mgmt. Co., LLC v.*

23  *Frank Russell Co.*, No. 13-CV-2856 JLS (RBB), 2017 WL 11420268, at *1 (S.D. Cal.

24  Feb. 9, 2017) (denying motion for attorney's fees pending resolution of appeal to the

25  Ninth Circuit and collecting cases).

---

28  [1] Plaintiff also argues in the alternative that the motion should be denied or modified, but the Court need not reach the merits of these arguments at this juncture.  (*Id.*)

**III.   DISCUSSION**

The Court finds it appropriate to exercise its discretion and deny Defendants' motion for attorney's fees and costs with leave to renew the motion following resolution of Plaintiff's appeal.  If Plaintiff's appeal is successful the present motion would be moot, and the Court's expended resources would be wasted.  Further, Defendants offer a substantial amount of evidence to support their claims, all which must be analyzed in addition to resolving contractual issues.  The Court thus declines to issue a ruling on attorney's fees and costs at this stage.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' motion for attorney's fees and costs (ECF No. 59) is **DENIED**.  Defendants are granted leave to renew the motion following the Ninth Circuit's decision on Plaintiff's appeal.  In light of the Court's ruling Plaintiff's motion for leave to file a sur-reply (ECF No. 65) is **DENIED** as moot.

Should Defendants later choose to move for attorney's fees and costs, they are ordered as follows:

1.   Defendants are required to include in their motion for attorney's fees and costs a summary of fees.  The summary should include a chart that organizes the billed hours by biller into the following categories:

   (a)   fees relating to pro hac vice applications and other procedural requests to the Court,

   (b)   fees relating to responding to the original Complaint (ECF No. 1),

   (c)   fees relating to responding to the First Amended Complaint (ECF No. 42),

   (d)   fees relating to the present motion for attorney's fees and costs (ECF No. 59),

   (e)   fees relating to subsequent motions for attorney's fees and costs.

1      2.     Parties are also required to include invoices from legal research platforms

2                and an affidavit from counsel confirming the research platform's billing

3                method (i.e., by search and not by monthly fee).

4      Defendants' renewed motion for attorney's fees, if any, must be filed on or before

5 **fourteen (14) days** after the date the Ninth Circuit issues a mandate on Plaintiff's appeal.

6     **IT IS SO ORDERED.**

7

8 Dated: October 18, 2022

9

10                         Hon. M. James Lorenz

                           United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cv-0767-L-MDD